AO 106 (Rev. 04/10) Application for a Search Warrant

FILED
U.S. District Court
District of Kansas

9/10/2021

Clerk, U.S. District Court
By_____AA_____ Deputy Clerk

# UNITED STATES DISTRICT COURT
for the
District of Kansas

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
Google accounts of Thommie-Lyn Stansky, identified in Attachment A

)
)
)
)
)
)

Case No. 21-MJ- 6159 -01-GEB

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
Google accounts of Thommie-Lyn Stansky, identified in Attachment A

located in the _____Northern_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2251 | Production of Child Pornography |
| 18 U.S.C. 2252A(a)(2) | Receipt/Distribution of Child Pornography |
| 18 U.S.C. 2252A(a)(5)(B) | Possession/Access with Intent to View Child Pornography |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT OF PROBABLE CAUSE

☒ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

John V. Ferreira, SA, Homeland Security Investigations
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9/10/2021

_____
Judge's signature

City and state: Wichita, Kansas

Honorable Gwynne E. Birzer, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF AN
# APPLICATION FOR A SEARCH WARRANT

I, John V. Ferreira, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I have been employed as a Special Agent ("SA") of the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI") since 2004 and am currently assigned to the Kansas Internet Crimes Against Children Task Force (ICAC). Previous to my employment with HSI, I was a state trooper/detective with the Arizona Department of Public Safety for nine (9) years. While employed by HSI, I have investigated federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography. I have gained experience through training and everyday work relating to conducting these types of investigations. I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251, 2252, and 2252A, and I am authorized by law to request a search warrant.

2. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(I)(A) and 2703(c)(1)(A) to require Google to disclose to the government records and other information in its possession, further described in Attachment B, pertaining to the account(s), further described in Attachment A.

3. As will be shown below, there is probable cause to believe that the identified Google account(s) have been involved in the production, transportation, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A. I submit

this application and affidavit in support of a search warrant authorizing the search of the account(s) described in Attachment A. I seek authorization to examine the accounts to seize evidence, fruits, and instrumentalities, relating to the aforementioned criminal violations, and as further described in Attachment B.

4. The statements in this affidavit are based in part on information provided by Kik, Snapchat, the National Center for Missing and Exploited Children (NCMEC), and other law enforcement officers, including Parsons Police Department, and Wichita Police Department/Sedgwick County Sheriff investigators, and on my review and investigation into this matter. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that contraband and evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 2251 (production of child pornography), 2252A(a)(2) (distribution/receipt of child pornography) and 2252A(a)(5)(B) (possession of child pornography) may be found in the account(s) described in Attachment A.

## JURISDICTION

5. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a District court of the United States that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

6.      On about August 22, 2021, Kik submitted a CyberTipline Report to NCMEC identifying user "dustymuffin12" had uploaded 77 files, included depictions of prepubescent children engaged in sex acts (described below). As part of its report, Kik provided account information which included an associated email address of drstrom96@gmail.com.

7.      As an example of the content reported by Kik, the user had uploaded a video file (identified as d62c12b8-125c-4f0e-abf6-cef1307580f8.mp4, which depicted an adult male sticking his penis into an infant's mouth.

8.      Another example was an image of a prepubescent child (MINOR VICTIM 1) seated next to an adult male with the adult's penis exposed next to the child's face, suggestive that the child will be made to perform oral sex. That image had been shared from the account 8 times between July 23 and August 4, 2021. This image was later determined to be a child in the custody or control of Dustin Strom and Thommie-Lyn Stansky, in Parsons, Kansas.

9.      As part of its triage of the report, NCMEC conducted a search for other CyberTip reports relating to "drstrom96" and found three prior reports: 84947557, 94203089, and 95382480.

10.     Report 84947557 related to a Kik report on or about January 22, 2021, where Kik identified user "bigbluedust" with email address drstrom96@gmail.com had uploaded 9 files of apparent child pornography. Several of these files depicted prepubescent children engaged in oral sex.

11.     Report 94203089 related to a Snapchat report on or about July 2021, where Snapchat identified user "dustmuffin96" with email address drstrom96@gmail.com had uploaded a file depicting a 41 second video of a prepubescent female under the age of six, with her mouth

around an adult's erect penis. She steps away from the male, removes her shorts, exposes her genitals, turns and exposes her genitals and anus to the camera, and adult male hand grabs her bottom to manipulate her further.

12. Report 95382480 related to a Snapchat report on or about July 14, 2021, where Snapchat identified user "vikkingd" with email address drstrom96@gmail.com had uploaded a file that Snapchat identified as apparent child pornography. The file depicted a movie of an adult male subjecting a prepubescent female to anal penetration.

13. NCMEC conducted a database check for drstrom96@gmail.com and found it connected to Dustin Kenneth Strom in Parsons, Kansas.

14. Additional research into Dustin Strom revealed his residence and connection to Thommie-Lyn Stansky at an address in Parsons, Kansas. This lead to a search warrant for the Strom/Stansky residence (21-MJ-6143-01-GEB) which was executed at the residence on August 23, 2021.

15. The search of the residence confirmed the location of the picture involving MINOR VICTIM 1 (referenced above) as the background of the picture was observable in the residence.

16. At the time of the search warrant execution, Stansky confirmed the identity of MINOR VICTIM 1, whom agents saw at the residence. At that time, Stansky denied any involvement in or knowledge of Strom's child pornography activities. Investigators also seized the phone of Thommie-Lyn Stansky under authority of the search warrant and by consent.

**Arrest and Interview of Strom**

17. Strom was not present at the residence and was instead on a trucking route. In the late evening hours of August 23, 2021, Strom was stopped and subsequently detained by Missouri Highway Patrol. Following waiver of his Miranda rights, Strom admitted to taking five or six pictures with his phone of MINOR VICTIM 1. Strom stated he took the photos at the request of another party on either the Grinder app or Kik app, approximately three months ago, and admitted to sharing the photos with the other party through the application on his phone.

18. Strom also admitted to receiving a link to "hundreds" of images of child porn in return for the photos, which he viewed.

19. Strom admitted to using Snapchat.

20. Strom provided written consent to examine the contents of his phone.

21. Subsequent examination of Strom's phone revealed the presence of additional images of child pornography involving MINOR VICTIM 1.

22. Additionally, Strom's phone revealed other images involving another minor child (MINOR VICTIM 2) subjected to sex acts which appear to be perpetrated by Strom (based upon the perpetrator's similar features to Strom, including a visible vein that appears on Strom's erect penis seen in other "selfie" photographs of Strom on his phone). MINOR VICTIM 2 was subsequently identified as a 2 year old child related to a former girlfriend of Strom's.

23. The phone contained Snapchat messages, indicating the trade of child pornography through messaging and through providing links to MegaNZ, an online storage provider. Investigators found an August 23, 2021 Snapchat message from Strom to another Snapchat user which contained links to two publicly available MegaNZ folders, one of which bore MINOR

VICTIM 1's name and contained images of MINOR VICTIM 1, while the other folder contained child pornography (images depicting prepubescent children engaged in various sex acts) that appeared to have been obtained from other sources.

### Arrest and Interview of Stansky

24. Examination of Stansky's phone revealed the presence of child pornography in various places on the phone.

25. In the cache for Google Photos, the phone contained images depicting: Stansky performing oral sex on MINOR VICTIM 1; Stansky digitally penetrating MINOR VICTIM 2; Strom engaged in sex acts with MINOR VICTIM 1; Strom engaged in sex acts with MINOR VICTIM 2. Both Strom and Stansky were identifiable from their face and other features.

26. These images were found as active cache files for Google Photos. This indicates that the images are in one or more Google accounts associated to the phone, as the phone has been used to access a Google Photo account (thus generating the cache files). The phone was also found to contain four Google (Gmail) accounts associated with the phone:

   a. stacystranger428@gmail.com;
   b. thommielynstansky@gmail.com;
   c. ilovehimforever1992@gmail.com; and
   d. rambowtasticpro@gmail.com.

27. The phone also contained the MegaNZ application, which showed additional child pornography images (depicting prepubescent children engaged in penetrative sex acts) cached to the phone through that application.

28. The phone also revealed Snapchat application, which included cached images of Stansky engaged in sex acts with MINOR VICTIM 2, Strom engaged in sex acts with MINOR VICTIM 1, and Strom engaged in sex acts with MINOR VICTIM 2. Additionally, the phone contained a Snapchat message from "dustmuffin96" on June 16, 2021 where Strom sent a MegaNZ link to Stansky. This link had been shut down by MegaNZ and was no longer active.

29. The phone also revealed that Kik had been installed and used on the phone.

30. Having discovered child pornography involving Stansky, law enforcement arrested Stansky. During a Mirandized interview, Stansky admitted to engaging in sex acts with MINOR VICTIM 1 and MINOR VICTIM 2 in Parsons, Kansas around June of 2021. Stansky also admitted transmitting images of child pornography to Strom.

## BACKGROUND ON GOOGLE PHOTOS

31. Google Photos is part of the suite of services offered to users of Google. When a user signs up for a free Gmail account, the user is also given free photo and video storage through Google Photos. As of June 2021, a user was given 15GB of free storage in Google Photos. Typically, the Google Photos account is identified by the user's Gmail account.

32. The service has apps for the Android and iOS operating systems, as well as a website (photos.google.com). Users can back up their photos to the cloud service, which becomes accessible for all of their devices. Thus, when a user takes a photo with their device, that photo may be manually (or even automatically) backed up to the user's Google Photos account, and remain accessible to the user through the Google Photos application on their device.

33. Since December 2015, Google has allowed users to share albums to Google Photos. Users can pool photos and videos into an album, and then share the album with other Google Photos users. The recipient "can join to add their own photos and videos, and also get notifications when new pics are added". Users can also save photos and videos from shared albums to add them to their own, private collection.

## CHARACTERISTICS OF CHILD PORNOGRAPHERS

34. From my own observation and experience, as well as conversation with other experienced investigators, including those at the Kansas ICAC, I have learned the following regarding child pornography offenders.

35. The majority of individuals who collect child pornography are persons who have a sexual attraction to children. They receive sexual gratification and satisfaction from sexual fantasies fueled by depictions of children that are sexual in nature. In this investigation, Strom has exhibited an interest in the sexual exploitation of children, and appears to have found a like-minded offender in Stansky to aid him in creating new depictions of children subjected to sex acts.

36. The majority of individuals who collect child pornography collect sexually explicit materials, which may consist of photographs, magazines, motion pictures, video tapes, books, slides, computer graphics or digital or other images for their own sexual gratification. The majority of these individuals also collect child erotica, which may consist of images or text that do not rise to the level of child pornography, but which nonetheless fuel their deviant sexual fantasies involving children. In this investigation, Strom appears to have created, distributed, received and retained images of minors engaged in sex acts, including on his device and in cloud storage.

Likewise, Stansky appears to have engaged in similar conduct, either producing (or permitting the production of), storing, or receiving child pornography in Google Photos and via MegaNZ.

37. The majority of individuals who collect child pornography often seek out like-minded individuals, either in person or on the Internet, to share information and trade depictions of child pornography and child erotica as a means of gaining status, trust, acceptance and support. This contact also helps these individuals to rationalize and validate their deviant sexual interest and associated behavior. The different Internet-based mediums used by such individuals to communicate with each other include, but are not limited to, P2P, e-mail, e-mail groups, bulletin boards, IRC, newsgroups, instant messaging, and other similar vehicles. Frequently, multiple mediums will be used. In this investigation, Strom is known to have used multiple mediums (such as Grindr, Kik, Snapchat, Gmail/Google Photos and other online storage) as part of the exploitation. Likewise, Stansky appears to have been similarly involved through multiple mediums (including Snapchat, Gmail/Google Photos and MegaNZ) as part of the exploitation.

38. The majority of individuals who collect child pornography often collect, read, copy or maintain names, addresses (including e-mail addresses), phone numbers, or lists of persons who have advertised or otherwise made known in publications and on the Internet that they have similar sexual interests. These contacts are maintained as a means of personal referral, exchange, or commercial profit. This is particularly true where, as here, the individuals are in contact with other like-minded offenders.

39. Because of the many characteristics which Strom and Stansky manifest (discussed above), the Google accounts created and operated by Strom and Stansky are likely to contain

Page **9** of **16**

evidence of their criminal activities, including: stored child pornography (particularly as backups or in Google Photos); evidence of creation, access, and operation of the accounts (including Snapchat, Kik, MegaNZ or other online storage) used in the production, distribution and receipt of child pornography; and evidence associated with user attribution for the accounts (such as IP information, registration information, and messages indicating verifying account access).

40. In this case, Stansky has four Gmail accounts associated to her phone, and the phone contains evidence of the Google Photo cache indicating active files of child pornography are stored at Google in one or more, or even all, of the accounts. It is probable that Stansky's accounts with Google will contain evidence of the establishment, operation, and management of accounts associated with Strom and Stansky's child pornography activities. Moreover, as an account capable of receiving backups of Strom's photos, it is probable that each of the Google accounts associated to Stansky's phone will contain backups of photos previously located on Stansky's phone, including child pornography.

41. Because the earliest identifiable upload of child pornography appears to be around February 6, 2021 (based upon the uploads of the sexual abuse of MINOR VICTIM 1 to MegaNZ), your Affiant seeks information from the accounts from January 1, 2021 to present.

## CONCLUSION

42. Based on the foregoing facts, there is probable cause to believe the above-identified Google accounts (further described in Attachment A) have been used to facilitate or commit the production, transportation, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A, and that evidence of those criminal offenses will be

located in the account described above. Further, I submit that such evidence, listed in Attachment B to this affidavit, constitutes contraband, the fruits of crime, or things otherwise criminally possessed, or property which is or has been used as the means of committing the foregoing offenses.

43. Therefore, I respectfully request that the attached warrant be issued authorizing the search and seizure of the accounts, listed in Attachment A, for the evidence listed in Attachment B.

Respectfully submitted,

John V. Ferreira
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me, telephonically, on September 10, 2021.

GWYNNE E. BIRZER
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Description of Account(s) to Searched/Examined

This warrant applies to information associated with the Google Accounts of Thommie-Lyn Stansky, identified by Gmail accounts:

**stacystranger428@gmail.com;**

**thommielynstansky@gmail.com;**

**ilovehimforever1992@gmail.com; and**

**rambowtasticpro@gmail.com**

that is stored at premises owned, maintained, controlled, or operated by Google LLC., a company headquartered in Mountain View, California.

## ATTACHMENT B

### Particular Things to be Seized

**I.   Information to be disclosed by Google**

To the extent that the information described in Attachment A is within the possession, custody, or control of Google LLC ("Google"), regardless of whether such information is located within or outside of the United States, including any messages, records, files, logs, or information that have been deleted but are still available to Google, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Google is required to disclose the following information to the government for each user ID listed in Attachment A, for the period between January 1, 2021 to present (with exception for registration information which may predate that period):

(a) All contact and personal identifying information provided to Google, during the registration process or at any time thereafter;

(b) All public-facing profile information for the account,

(c) All photos and videos uploaded by that user and all photos and videos uploaded by any other user to that account, including Exchangeable Image File ("EXIF") data and any other metadata associated with those photos and video;

(d) All contacts of the account, lists of approved users, and including the privacy settings associated with such lists;

(e) All groups and networks of which the user is a member;

(f) All activity logs, including IP addresses, for the account and all other documents showing the user's activity, and specifically including Google Photos activities;

2

(g)   All records or other information regarding the devices and internet browsers associated with, or used in connection with, the identified account, including the hardware model, operating system version, unique device identifiers, and mobile network information;

(h)   All other records and contents of communications and messages made or received by the user;

(i)    All IP logs, including all records of the IP addresses that logged into the account;

(j)    The types of service utilized by the user;

(k)   The length of service (including start date) and the means and source of any payments associated with the service (including any credit card or bank account number);

(l)    All privacy settings and other account settings for the identified account;

(m)  All records pertaining to communications between Google and any person regarding the identified account, including contacts with support services and records of actions taken.

Google is hereby ordered to disclose the above information to the government within **30 DAYS** of issuance of this warrant. (Google may request an extension, and such extension may be authorized by the receiving agent or agency, John Ferreira of HSI.)

**II.    Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of the criminal violations of 18 U.S.C. §§ 2251, 2252A(a)(2) and

2252A(a)(5)(B), as described in the Affidavit, including information pertaining to the following matters:

(a) The identity of the person(s) who created or used the Google account, including records that help reveal the whereabouts of such person(s);

(b) Evidence indicating how and when the Google account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Google account owner;

(c) Evidence indicating the Google account owner's state of mind as it relates to the crimes under investigation;

(d) Evidence of visual depictions of minors engaged in sexually explicit conduct, child pornography, child erotica, and communications pertaining to child pornography, child sexual abuse, and child sexual exploitation;

(e) Depictions of MINOR VICTIM 1 or MINOR VICTIM 2 which may be used for comparison to child pornography involving MINOR VICTIM 1 or MINOR VICTIM 2;

(f) Evidence pertaining to operation of, or communication with, the Kik, Snapchat, and Gmail accounts described in the attached affidavit;

(g) Evidence showing communications with or about minors, including but not limited to MINOR VICTIM 1 or MINOR VICTIM 2, and including communications with or about the parent(s) of MINOR VICTIM 2 who are known to law enforcement through the on-going investigation.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the HSI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.